JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*MBurnette@GGTrialLaw.com*

Attorneys for Plaintiff
Melissa Romero

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MELISSA ROMERO, an individual,

Plaintiff,

v.

TRULINE CORPORATION, a Nevada corporation,

Defendant.

Case No.:

**COMPLAINT FOR DAMAGES**

**(1) NEGLIGENT SUPERVISION & RETENTION;**

**(2) DISCRIMINATION (N.R.S. § 613.330);**

**(3) DISCRIMINATION (42 U.S.C. § 2000e *et seq.*);**

**(4) DISCRIMINATION (42 U.S.C. § 1981);**

**(5) HARASSMENT (N.R.S. § 613.330);**

**(6) HARASSMENT (42 U.S.C. § 2000e *et seq.*);**

**(7) RETALIATION (N.R.S. § 613.340);**

**(8) RETALIATION (42 U.S.C. § 2000e *et seq.*);**

**(9) RETALIATION (42 U.S.C. § 1981);**

**(10) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

**DEMAND FOR JURY TRIAL**

Plaintiff Melissa Romero ("Plaintiff" or "Ms. Romero") alleges as follows:

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1981.

3. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

**NATURE OF THE ACTION**

5. Ms. Romero began working for Truline as a Class A CDL Driver in September 2024. Throughout her employment, she was subjected to persistent harassment based on her sex, race, and national origin. Despite repeatedly reporting this conduct to management and human resources, Truline failed to meaningfully act and instead retaliated against her by formally disciplining Ms. Romero and publicly and falsely discrediting her complaints to coworkers. On or about July 25, 2025, Truline terminated Ms. Romero's employment on a false and pretextual basis, in discrimination based on her sex, race, and national origin, and in retaliation for her protected activity.

**PARTIES**

6. Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

7. Defendant Truline Corporation ("Truline") is a Nevada corporation that conducts business in Clark County.

**FACTUAL ALLEGATIONS**

8. On or about September 17, 2024, Ms. Romero began working as a Class A CDL Driver for Truline Corporation.

9. From the outset of her employment, Ms. Romero was subjected to a persistent and

escalating hostile work environment based on her sex and national origin, including unwanted sexual advances from a company dispatcher and repeated ethnic slurs and sexual rumors spread about her by a male coworker.

10. Ms. Romero reported this harassment to management and human resources on multiple occasions throughout her employment; each time, Truline failed to investigate or take meaningful corrective action.

11. Rather than remedy the hostile work environment, Truline retaliated against Ms. Romero for her complaints with formal discipline.

12. As the harassment and retaliation escalated, the same dispatcher whose advances Ms. Romero had rejected began reducing her work assignments in direct retaliation for her continued complaints.

13. On or about July 25, 2025, Truline terminated Ms. Romero's employment on a false and pretextual basis.

14. In reality, Truline wrongfully terminated Ms. Romero's employment in discrimination based on her sex, race, and national origin, and in retaliation for her protected activity.

15. *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Romero is a woman of Mexican national origin. Her protected activities include her repeated complaints to management and human resources regarding harassment and discrimination based on her sex, race, and national origin.

16. On August 9, 2025, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On March 3, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

17. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

18. *Reckless Indifference and Conscious Disregard*: Defendant Truline Corporation

knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant Truline Corporation willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

19. *Malice*: The conduct of Defendant Truline Corporation was committed with malice, including that (a) Defendant Truline Corporation acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Truline Corporation was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

20. *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant Truline Corporation against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

21. *Fraud:* In addition, and/or alternatively, the conduct of Defendant Truline Corporation, as alleged, was fraudulent, including that Defendant Truline Corporation asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

22. Further, Defendant Truline Corporation is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Truline Corporation had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## <u>FIRST CLAIM FOR RELIEF</u>

**Negligent Supervision & Retention**

**(Plaintiff Melissa Romero against Defendant Truline Corporation)**

23. The allegations set forth in preceding paragraphs are re-alleged and incorporated

herein by reference.

24. Plaintiff was employed by Defendant Truline Corporation.

25. Defendant Truline Corporation had a duty to use reasonable care in supervising and retaining employees who would be interacting with Plaintiff and other employees.

26. Defendant Truline Corporation breached this duty by: a. Failing to properly train employees on appropriate workplace conduct and compliance with labor laws; b. Failing to adequately supervise employees to ensure they were not engaging in unlawful practices; c. Failing to investigate complaints or reports of misconduct by employees; and, d. Retaining employees known or should have known were engaging in unlawful practices.

27. At all relevant times, the employees whose conduct is alleged herein were acting within the course and scope of their employment with Defendant Truline Corporation, including while supervising Plaintiff and controlling her work assignments; Defendant, through its officers, directors, and/or managing agents, knew or should have known of these employees' unfitness based on prior complaints and/or observed misconduct, yet failed to take reasonable corrective action and instead retained and permitted them to continue exercising authority over Plaintiff, thereby ratifying and contributing to the wrongful conduct and the resulting harm.

28. As a direct and proximate result of the actions of Defendant Truline Corporation, Plaintiff has and will continue to suffer harm, including lost earnings, salary, and other job benefits, and humiliation, embarrassment, and emotional distress, according to proof.

29. Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

30. The acts of Defendant Truline Corporation alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

**SECOND CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Melissa Romero against Defendant Truline Corporation)**

31. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

32. Plaintiff was employed by Defendant Truline Corporation, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

33. The acts and omissions of Defendant Truline Corporation, as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

34. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

35. Plaintiff charges that Defendant Truline Corporation discriminated against the Plaintiff based on her protected status or statuses.

36. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

37. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

38. The acts of Defendant Truline Corporation alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an

award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

**<u>THIRD CLAIM FOR RELIEF</u>**

**Workplace Discrimination in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Melissa Romero against Defendant Truline Corporation)**

39. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

40. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on her protected status or statuses.

41. Plaintiff was an employee of Defendant Truline Corporation, as defined by 42 U.S.C. § 2000e(b). Employers are barred from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613.330 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

42. Defendant Truline Corporation took adverse employment actions against Plaintiff because of her protected characteristics, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

43. The discriminatory acts of Defendant Truline Corporation have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

44. The acts of Defendant Truline Corporation alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline

Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

45. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**FOURTH CLAIM FOR RELIEF**

**Discrimination in Violation of 42 U.S.C. § 1981**

**(Plaintiff Melissa Romero against Defendant Truline Corporation)**

46. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

47. Plaintiff was employed by Defendant Truline Corporation.

48. Employers, as defined by 42 U.S.C. § 1981(c), are prohibited from discriminating against any person with respect to the persons compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in 42 U.S.C. § 1981. Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

49. Plaintiff is within the class of persons that 42 U.S.C. § 1981(a) intends to protect, and termination of employment on the basis of discrimination is the type of injury prohibited by 42 U.S.C. § 1981.

50. Plaintiff charges that Defendant Truline Corporation discriminated against the Plaintiff because of her race.

51. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful race discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

52. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs and attorneys' fees under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5(k).

53. The acts of Defendant Truline Corporation alleged herein were undertaken with

malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

**FIFTH CLAIM FOR RELIEF**

**Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.***

**(Plaintiff Melissa Romero against Defendant Truline Corporation)**

54. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

55. Plaintiff was employed by Defendant Truline Corporation.

56. The acts and omissions of Defendant Truline Corporation, as more fully set forth herein, constituted harassment on the bases of Plaintiff's protected status or statuses.

57. Plaintiff is within the class of persons that N.R.S. 613.330 intends to protect and harass on the basis of her protected status or statuses is the type of injury prohibited by N.R.S. 613.330.

58. Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

59. The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

60. Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

61. At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

62. Defendant Truline Corporation had a duty to prevent and promptly correct the harassing behavior. Defendant Truline Corporation breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Truline Corporation similarly breached its duty by failing to remedy the harassment.

63. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

64. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

65. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## SIXTH CLAIM FOR RELIEF

**Workplace Harassment in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Melissa Romero against Defendant Truline Corporation)**

66. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

67. Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on her protected status or statuses.

68. Plaintiff was an employee of Defendant Truline Corporation, as defined by 42 U.S.C. § 2000e(b). Employers are barred from discriminating against any person or creating an abusive or hostile work environment on the basis of a protected status as set forth in 42 U.S.C. § 2000e-2(a)(1).

69. Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or

intimidation based on her protected status or statuses.

70. The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

71. Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

72. At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

73. Defendant Truline Corporation had a duty to prevent and promptly correct the harassing behavior. Defendant Truline Corporation breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Truline Corporation similarly breached its duty by failing to remedy the harassment.

74. The acts alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

75. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of their rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

76. Plaintiff has incurred and will continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

/ / /

**SEVENTH CLAIM FOR RELIEF**

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Melissa Romero against Defendant Truline Corporation)**

77. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

78. Plaintiff was employed by Defendant Truline Corporation.

79. Plaintiff engaged in protected activity.

80. Defendant Truline Corporation was aware of Plaintiff's protected activity.

81. After engaging in protected activity, Plaintiff suffered an adverse employment action.

82. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

83. The conduct of Defendant Truline Corporation alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

84. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

85. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

/ / /

**EIGHTH CLAIM FOR RELIEF**

**Retaliation in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Melissa Romero against Defendant Truline Corporation)**

86. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

87. Plaintiff is a member of the classes of persons protected by federal statutes prohibiting discrimination and harassment based on a protected status.

88. Plaintiff was an employee, as defined by 42 U.S.C. § 2000e(b),(f) of Defendant Truline Corporation.

89. Employers, such as Defendant Truline Corporation, are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 2000e et seq.

90. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 2000e *et seq*.

91. As a result of Plaintiff's complaints regarding, and opposition to, these unlawful practices, Defendant Truline Corporation engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

92. The conduct of Defendant Truline Corporation constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about or opposes discrimination or harassment.

93. The conduct of Defendant Truline Corporation alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

94. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary

damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

95. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**NINTH CLAIM FOR RELIEF**

**Retaliation in Violation of 42 U.S.C. § 1981**

**(Plaintiff Melissa Romero against Defendant Truline Corporation)**

96. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

97. Plaintiff was employed by Defendant Truline Corporation.

98. Employers, as defined by 42 U.S.C. § 1981(c), are prohibited from retaliating against any person for opposing race discrimination in the workplace and/or by complaining internally about the discriminatory treatment of another employee based on race.

99. The acts and omissions of Defendant Truline Corporation, as more fully set forth herein, constituted retaliation within the meaning of 42 U.S.C. § 1981.

100. Plaintiff is within the class of persons that 42 U.S.C. § 1981(a) intends to protect, and a retaliatory termination of employment is the type of injury prohibited by 42 U.S.C. § 1981.

101. Plaintiff engaged in protected activity by reporting race discrimination.

102. Defendant Truline Corporation was aware of Plaintiff's protected activities.

103. After engaging in protected activities, Plaintiff suffered an adverse employment action. In particular, Plaintiff's employment was terminated.

104. There is a causal connection between Plaintiff's protected activity and the adverse employment action, as the termination of Plaintiff's employment occurred shortly after Plaintiff engaged in protected activities.

105. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful retaliation, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and

emotional injury, pain and distress.

106. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs and attorneys' fees under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5(k).

107. The acts of Defendant Truline Corporation alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Truline Corporation, and to make an example of and deter Defendant Truline Corporation from engaging in such conduct in the future.

108. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## <u>TENTH CLAIM FOR RELIEF</u>

### Intentional Infliction of Emotional Distress

### (Plaintiff Melissa Romero against Defendant Truline Corporation)

109. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

110. By its actions described hereinabove, Defendant Truline Corporation intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

111. The extreme and outrageous conduct alleged herein was committed by employees and supervisors of Defendant Truline Corporation acting within the course and scope of their employment and with actual or apparent authority, and was known to, authorized, and/or ratified by Defendant's officers, directors, and/or managing agents, who, despite notice of the conduct and its probable harmful consequences, failed to take corrective action, thereby subjecting Defendant to liability, including punitive damages, for such conduct.

112. The conduct of Defendant Truline Corporation caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial.

113. The actions of Defendant Truline Corporation were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions, Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Defendant Truline Corporation were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

114. Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2. Emotional distress damages;

3. Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4. For an award of reasonable attorneys' fees and costs incurred in this action;

5. For pre-judgment and post-judgment interest, as provided by law; and

6. For other and further relief as the Court may deem just and proper.

DATED: March 20, 2026

GREENBERG GROSS LLP

By: */s/ Jemma E. Dunn*
Jemma E. Dunn
Matthew T. Hale
Michael A. Burnette

Attorneys for Plaintiff
Melissa Romero

**DEMAND FOR JURY TRIAL**

Plaintiff Melissa Romero hereby demands a jury trial.

DATED: March 20, 2026

GREENBERG GROSS LLP

By: */s/ Jemma E. Dunn*
Jemma E. Dunn
Matthew T. Hale
Michael A. Burnette

Attorneys for Plaintiff
Melissa Romero